UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| FRANCIS EDWARD FISHER,<br><br>  Plaintiff,<br><br>  v.<br><br>DAVID ROSSI and JOHN GUY,<br><br>  Defendants. | CAUSE NO.: 4:23-CV-25-TLS-APR |

**OPINION AND ORDER**

Francis Edward Fisher, a plaintiff proceeding pro se, filed a Complaint [ECF No. 1] on March 9, 2023, against Defendants David Rossi, a White County, Indiana, deputy sheriff, and John Guy, a prosecutor from White County, Indiana. He also filed a Motion to Proceed in Forma Pauperis [ECF No. 2]. For the reasons set forth below, the Plaintiff's Motion is DENIED. The Plaintiff's Complaint is DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) because the Plaintiff has failed to state a claim for which relief can be granted. The instant "Complaint" appears instead to be a response to the proceedings in two other cases filed by the Plaintiff against these Defendants in this Court.

**DISCUSSION**

Ordinarily, a plaintiff must pay a statutory filing fee to bring an action in federal court. 28 U.S.C. § 1914(a). However, the federal in forma pauperis statute, 28 U.S.C. § 1915, provides indigent litigants an opportunity for meaningful access to the federal courts despite their inability to pay the costs and fees associated with that access. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989) ("The federal *in forma pauperis* statute, enacted in 1892 and presently codified as 28 U.S.C. § 1915, is designed to ensure that indigent litigants have meaningful access to the federal

courts."). An indigent party may commence an action in federal court, without prepayment of costs and fees, upon submission of an affidavit asserting an inability "to pay such fees or give security therefor." 28 U.S.C. § 1915(a). Here, the Plaintiff's motion establishes that he is unable to prepay the filing fee.

However, the Court must also consider whether the action is frivolous or malicious, fails to state a claim for which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *Id.* § 1915(e)(2)(B). District courts have the power under § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants and must dismiss the complaint if it fails to state a claim, applying the standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999); *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1018, 1027 (7th Cir. 2013). To state a claim under the federal notice pleading standard, a complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In reviewing the complaint, a court accepts all well-pleaded facts as true and draws all reasonable inferences in favor of the non-moving party. *Tobey v. Chibucos*, 890 F.3d 634, 645 (7th Cir. 2018).

As an initial matter, the Court recognizes that the Plaintiff previously filed two separate lawsuits against the same two Defendants.

First, the Plaintiff filed a pro se lawsuit in the White County, Indiana, Circuit Court on August 5, 2022, against Defendants Rossi and Guy, in cause number 91C01-2208-PL-000022, which was removed by Defendant Rossi to this Court, the United States District Court for the

Northern District of Indiana, on September 2, 2022, under cause number 4:22-CV-61-JVB-JEM. The complaint brings allegations related to a pending state criminal case filed in the White County, Indiana Superior Court, cause number 91D01-2109-F6-000198. On December 5, 2022, presiding Judge Joseph S. Van Bokkelen dismissed the case without prejudice for failure to state a claim and with leave to file an amended complaint. On February 6, 2023, the Plaintiff filed an Amended Complaint in that case. Motions are pending in that case.

Second, the Plaintiff filed a pro se complaint in this Court, the United States District Court for the Northern District of Indiana, on December 12, 2022, against Defendants Rossi and Guy under cause number 4:22-CV-97-JTM-JPK, again bringing allegations related to the same pending state criminal case. On January 26, 2023, presiding Judge James T. Moody issued a screening order on the motion to proceed in forma pauperis and dismissed that case with prejudice under the Younger abstention doctrine because of the ongoing state court criminal litigation.

Turning to the Complaint in this case, the Plaintiff checked the box on page 1 indicating that he had previously sued someone for the same claims, directing the Court to Exhibit M attached to the Complaint. Exhibit M is Judge Moody's January 26, 2023 Opinion and Order dismissing with prejudice cause number 4:22-CV-97-JTM-JPK. In the section of the Complaint titled "Claims and Facts," the Plaintiff directs the Court to Exhibit A attached to the Complaint. Exhibit A contains fourteen numbered paragraphs setting out numerous arguments. At the top of each page of Exhibit A is typed: "Reply to Order dated: 01/26/23 as No. 4:22 CV 97 Representing an Expanded Summary regarding the initial Filing and of the Order and Denial to Proceed Pro Pauperis and Requesting Continuation of this Claim for Relief Under the Direction of This Court for Appropriate Filing." In addition, the Plaintiff has attached filings from his first

3

case, cause number 4:22-CV-61-JVB-JEM, *see, e.g.*, Exs. H, K, K1, L, N, and also appears to reference rulings and filings from cause number 4:22-CV-61-JVB-JEM in the numbered paragraphs of Exhibit A.

A careful review of the fourteen paragraphs of Exhibit A demonstrates that there are no new claims alleged in Exhibit A. Rather, the Plaintiff appears to be responding to filings made in either or both of cause numbers 4:22-CV-97-JTM-JPK and 4:22-CV-61-JVB-JEM. Therefore, the Court finds that the Plaintiff has failed to state a claim upon which relief can be granted. As a result, the Plaintiff's request to proceed without prepayment of fees is denied, and the Complaint is dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Any filing intended to be made in either of the other lawsuits must be filed directly in the relevant lawsuit by placing the cause number of that lawsuit in the caption at the top of the first page of the filing. In other words, a filing intended to be made in relation to cause number 4:22-CV-97-JTM-JPK must have that cause number at the top in the caption on the first page, which will result in the filing being made in that case. Likewise, a filing intended to be made in relation to cause number 4:22-CV-61-JVB-JEM must have that cause number at the top in the caption on the first page, which will result in the filing being made in that case. Separate filings must be made in each case.

## CONCLUSION

For the foregoing reasons, the Court hereby DENIES the Plaintiff's Motion to Proceed In Forma Pauperis [ECF No. 2] and DISMISSES the Complaint WITH PREJUDICE.

SO ORDERED on March 14, 2023.

s/ Theresa L. Springmann  
JUDGE THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT